**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| J.D. MERRICK, | No. 20-15987 |
| Plaintiff-Appellant, | D.C. No. 4:17-cv-00014-DCB |
| v. | |
| MICHAEL LINDERMAN, ADC Pastoral Administrator/Director at Central Office in Phoenix; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted September 10, 2021 **

Before: FERNANDEZ, SILVERMAN, and NGUYEN, Circuit Judges

JD[1] Merrick appeals the district court's grant of summary judgment in favor

---

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1]Merrick uses the initials JD for his first name, without using any periods.

of the defendants in Merrick's 42 U.S.C. § 1983 prisoner civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Jones v. Williams*, 791 F.3d 1023, 1030 (9th Cir. 2015), and affirm. Summary judgment was proper for the defendants on Merrick's religious claims. To prevail on his claims, Merrick had to establish that the defendants substantially burdened his religious practices. *Id.* at 1031; *Walker v. Beard*, 789 F.3d 1125, 1134 (9th Cir. 2015). The defendants did not substantially burden Merrick's religious practices by prohibiting battery-operated candles in the close-custody medical unit. At all times, Merrick was entitled to possess two electric candles. Nor did the defendants substantially burden Merrick's religious practices by not providing additional assistance in ordering electric candles or limiting the use of Merrick's large metal candle, which security determined could be used as a weapon, to prayer-time. Finally, defendants did not substantially burden Merrick's ability to study his religion by refusing to allow him to possess or watch DVDs or possess 40 books at one time. At all times, Merrick was allowed a reasonable alternative of possessing and studying 10 books at a time.

Summary judgment was also proper for the defendants on Merrick's First Amendment mail claims. The district court applied the correct legal standards. *See Thornburgh v. Abbott*, 490 U.S. 401, 407-15 (1989) (distinguishing between

2

incoming and outgoing mail, rejecting the *Martinez* standard for incoming publications, and applying the *Turner* standard). Merrick failed to come forward with evidence to challenge the common sense connection between the prison policies prohibiting both pen pal brochures and alteration of inmate visitation photos and the prison's asserted interests in providing security or preventing criminal activity. *See Bahrampour v. Lampert*, 356 F.3d 969, 973 (9th Cir. 2004) (requiring the prisoner to prove that the challenged "regulations are not reasonably related to legitimate penological interests, or that there is a genuine issue of material fact regarding the applicability of the regulations to the materials").

Merrick failed to establish that the defendants intentionally deprived him of incoming mail from his family. Two mistaken seizures of mail from Merrick's brother and the brother's girlfriend were resolved in Merrick's favor in the grievance process by Defendant Monson, who confirmed that Merrick's brother was not an inmate and allowed Merrick to possess the mail. To the extent Merrick claimed that the defendants acted in retaliation for a previous lawsuit, he failed to come forward with any evidence to establish that any of the defendants who handled his mail after he was transferred from another prison in the state were even aware of the lawsuit that he had filed while housed in the other prison. *See Rhodes*

3

*v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005) (requiring proof that the officer took the adverse action because the prisoner had engaged in the protected activity).

Finally, summary judgment was proper for Defendant Garcia. Nothing on the face of the letter, which was returned from the Post Office without the original envelope, indicated that the letter was legal mail or that the intended recipient was a lawyer. *See Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017) (holding that inmates "have a protected First Amendment interest in having properly marked legal mail opened in their presence").

**AFFIRMED.**